Copy mailed to ~~attorneys for parties~~ pltf. by the Court pursuant to Rule 77 (d) Federal Rules of Civil Procedures.
cc: Superintendent, MCHC

U.S. DIST. COURT EAST DIST. WISC.
FILED
OCT 27 2005
AT ____ O'CLOCK ____ M
SOFRON B. NEDILSKY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN B. LINDER,

Plaintiff,

v.

Case No. 05-C-705

MILWAUKEE COUNTY DISTRICT ATTORNEYS OFFICE,
WISCONSIN STATE PUBLIC DEFENDERS OFFICE,
MILWAUKEE COUNTY COURT SYSTEM,
ATTORNEY JEFFREY PRUNELL, and
ATTORNEY PATRICK WAITE,

Defendants.

## DECISION AND ORDER

Plaintiff Kevin B. Linder, who is incarcerated at the Milwaukee County House of Corrections, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial

with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copy of this order be sent to the Superintendent of the Milwaukee County House of Correction, 8885 S. 68th Street, Franklin, WI 53132.

Dated at Milwaukee, Wisconsin this 27th day of October, 2005.

BY THE COURT:

Thomas J. Curran
United States District Judge

partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has paid an initial partial filing fee of $4.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co.*





Case 2:05-cv-00705-WEC Filed 10/27/05 Page 3 of 7 Document 8

*Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). The Seventh Circuit has advised district courts as follows:

> we believe that the district courts should make clear exactly what it is they are, and are not, doing when they dismiss a *pro se* prisoner-litigant's complaint without prejudice because it was brought either as a habeas corpus petition or a civil rights action, and it should have been the reverse. If, as normally will be the case, conversion is improper, the district court should include a short and plain statement in its order that states: (1) that the court is not making a decision on the ultimate merit of the case; (2) that the prisoner may refile immediately under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits; and (3) that refiling under the proper label will probably have certain consequences.

*Id.* at 389-90.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Superintendent of the Milwaukee County House of Correction or his designee shall collect from the plaintiff's prison trust account the $246.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance

*v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

According to the plaintiff, defendant Milwaukee County District Attorneys Office filed two criminal cases against him based on fabricated and falsified police reports and these cases failed to comport with statutory laws and guidelines. He also states that the convictions in his two criminal cases were obtained by discriminatory prosecution and misfeasance.

The plaintiff alleges that defendant Wisconsin State Public Defenders Office has failed to adopt a screening process to evaluate attorneys appointed in criminal cases. The two public

For relief, the plaintiff seeks $25 million in punitive damages, $20 million in compensatory damages, and $5 million for emotional stress, pain and suffering. He also requests that the court: "order the F.B.I. to investigate all criminal files and court records in the state public defenders office, Milw. County District Attorneys Office, and the Milw. County Court System to investigate the daily criminal process, expunge case no's 04CM8623 : 05CM515 off plaintiff's criminal record; and any other relief that court deems to be appropriate and just." *Id.* at 12.

It is well established that the sole federal remedy for one who challenges the fact or duration of his confinement by the state and seeks a determination that he is entitled to immediate or speedier release is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is also well established that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The plaintiff seeks monetary damages based on his allegedly unlawful convictions in two criminal cases. He also seeks expungement of those cases from his criminal record. It is apparent that the plaintiff's convictions have not been overturned. Accordingly, his claims are barred pursuant to the rule set forth in *Heck*.

The complaint does not name the correct defendant for a habeas petition nor does it seek the correct relief and therefore, the complaint is not amenable to conversion to a habeas petition. *See*





Case 2:05-cv-00705-WEC Filed 10/27/05 Page 6 of 7 Document 8

defenders appointed to represent the plaintiff, Attorneys Jeffrey Prunell and Patrick Waite, were prejudiced against the plaintiff because he is black and destitute. As a result, the plaintiff only received a minimum degree of representation in his criminal cases.

With respect to defendant Milwaukee County Court System, the plaintiff alleges:

> Plaintiff states that the Milw. County Court System: Cir. Ct. Branch 38 Room 503 failed to adopt its court power, according to the usages of court law and equity necessary to the full and complete jurisdiction of the causes when the court applied its court power in plaintiff's (2) criminal cases. This insurrection abandoned the plaintiff's due process within court structure and hindered his abilities to address the meritorious issues in his cases, for court reviewability. While plaintiff's (2) criminal cases [04CM8623 : 05CM515] were pending in Cir. Ct. Branch 38, Room 503 he states that this court system used defeasance to undress the powers of the state, federal, and U.S. Constitution to discriminate and abolish plaintiff's rights to due process and equal protection of the laws in his (2) criminal cases, by denying him bail, access to the courts, right [to] a fair trial, the right to be heard, and the right to appear in court when scheduled. Plaintiff states that this irrevocable court perception discerned the attention that plaintiff's cases needed to develop a contrived judicial review in the interest of justice.

(Compl. at unpaginated 8-9.)

The plaintiff alleges that defendants State Public Defenders Jeffrey Prunell and Patrick Waite discriminated against the plaintiff in his criminal cases because he is black and destitute. The plaintiff asserts that defendant Attorney Prunell "shared the meeting of the minds with the district attorneys office to formulate a conspiracy assignment to obtain and [sic] easy but inscrutable conviction." *Id.* at 9. The plaintiff alleges that defendant Waite "discriminatively failed to undertake the serious responsibility to research, investigate, or keep the plaintiff informed as to the status of his cases" and that Attorney Waite's representation "was a deceitful practice of law or fact." *Id.* at 10.



AO 72A
(Rev.8/82)

Case 2:05-cv-00705-WEC Filed 10/27/05 Page 7 of 7 Document 8